UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT ROSENTHAL, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>BLOOMINGDALE'S INC.,<br><br>    Defendant. | Civil Case No. 1:22-CV-11944-NMG |

**DEFENDANT BLOOMINGDALES.COM, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

I. PLAINTIFF'S ALLEGATIONS DO NOT SUPPORT THE EXERCISE OF PERSONAL JURISDICTION OVER BLOOMINGDALE'S. ............................................ 1

    A. The Complaint Fails To Plead Facts Showing that Plaintiff's Claims "Directly Arise Out of or Relate to" Bloomingdale's Forum Contacts. ................. 2

    B. The Complaint Also Fails To Plead Facts Showing Purposeful Availment. .......... 4

II. PLAINTIFF FAILS TO STATE A CLAIM. ...................................................................... 5

    A. The Massachusetts Wiretap Act Claim Should Be Dismissed. ............................. 5

        1. No Interception Occurred in Massachusetts. ............................................. 5

        2. No Interception Occurred As a Matter of Law. ......................................... 6

            a) The Alleged Collection Was Not Done "Secretly." ........................ 6

            b) No "Contents" of a "Communication" Were Collected. ................ 7

            c) Software Code Is Not an "Intercepting Device." ............................ 8

    B. The Invasion of Privacy Claim Should Be Dismissed. .......................................... 9

CONCLUSION ............................................................................................................................. 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Axford v. TGM Andover Park, LLC*,
  2021 WL 681953 (D. Mass. Feb. 22, 2021) ...............................................................9

*Badia v. Hamanasi Adventure & Dive Resort*,
  2017 WL 551817 (D. Mass. Feb. 10, 2017) ............................................................2, 3

*Branyan v. Sw. Airlines Co.*,
  105 F. Supp. 3d 120 (D. Mass. 2015) ......................................................................10

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*,
  582 U.S. 255 (2017) ...................................................................................................2

*Chouinard v. Marigot Beach Club & Dive Resort*,
  2021 WL 2256318 (D. Mass. June 3, 2021) ..............................................................3

*Commonwealth v. Jackson*,
  349 N.E.2d 337 (Mass. 1976) ....................................................................................6

*Commonwealth v. Maccini*,
  2007 WL 1203560 (Mass. Super. Apr. 23, 2007) ......................................................5

*Curtatone v. Barstool Sports, Inc.*,
  169 N.E.3d 480 (Mass. 2021) ....................................................................................8

*Debarros v. Fam. Prac. Grp., P.C.*,
  2020 WL 13659464 (D. Mass. Jan. 22, 2020) .........................................................10

*Goldstein v. Costco Wholesale Corp.*,
  559 F. Supp. 3d 1318 (S.D. Fla. 2021) ......................................................................8

*Hasbro, Inc. v. Clue Computing, Inc.*,
  994 F. Supp. 34 (D. Mass. 1997) ............................................................................2, 3

*Licea v. Caraway Home Inc.*,
  2023 WL 1999496 (C.D. Cal. Feb. 9, 2023) ..............................................................3

*Little Kids, Inc. v. 18th Ave. Toys, Ltd.*,
  2020 WL 7264267 (D.R.I. Dec. 10, 2020) ................................................................4

*Marquis v. Google, Inc.*,
  2015 WL 13037257 (Mass. Super. Feb. 13, 2015) .................................................6, 7

*Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*,
    142 F.3d 26 (1st Cir. 1998) .................................................................................. 2, 4

*McMann v. Selene Fin. LP*,
    332 F. Supp. 3d 481 (D. Mass. 2018) ................................................................. 4, 10

*Motus, LLC v. CarData Consultants, Inc.*,
    23 F.4th 115 (1st Cir. 2022) ............................................................................. 1, 4, 11

*Motus, LLC v. CarData Consultants Inc.*,
    520 F. Supp. 3d 87 (D. Mass. 2021) .......................................................................... 4

*Polay v. McMahon*,
    10 N.E.3d 1122 (Mass. 2014) .................................................................................... 9

*Popa v. Harriet Carter Gifts, Inc.*,
    426 F. Supp. 3d 108 (W.D. Pa. 2019) ........................................................................ 9

*Rodriguez v. Samsung Elecs. Co.*,
    827 F. Supp. 2d 47 (D. Mass. 2011) ........................................................................... 4

*Sacco v. Mouseflow, Inc.*,
    2022 WL 4663361 (E.D. Cal. Sept. 30, 2022) ........................................................... 5

*Silver v. Stripe Inc.*,
    2021 WL 3191752 (N.D. Cal. July 28, 2021) ............................................................ 7

*Vapotherm, Inc. v. Santiago*,
    38 F.4th 252 (1st Cir. 2022) ................................................................................... 3, 4

*Walden v. Fiore*,
    571 U.S. 277 (2014) ................................................................................................ 2, 4

*Wolfson v. Lewis*,
    924 F. Supp. 1413 (E.D. Pa. 1996) ........................................................................... 10

*Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*,
    952 F. Supp. 1119 (W.D. Pa. 1997) ............................................................................ 4

# INTRODUCTION[1]

Plaintiff's opposition fails to identify any Bloomingdale's contacts in Massachusetts related to his claims, which is fatal to the assertion of personal jurisdiction. Rather, Plaintiff's opposition confirms his claims relate to Bloomingdale's "procurement and use" of session replay software on its website operated from New York. Plaintiff's response to Bloomingdale's Rule 12(b)(6) arguments fares no better. As to the Massachusetts Wiretap Act claim, Plaintiff does not identify any allegation showing that an interception occurred in the first place, much less within Massachusetts' borders. As to the invasion-of-privacy claim, Plaintiff's opposition fails to address, among other things, that another court has held that the alleged collection of mouse clicks and keystrokes, as Plaintiff alleges here, falls well short of "highly offensive" conduct required to state such a claim. The Complaint should therefore be dismissed with prejudice.

# ARGUMENT

**I.   PLAINTIFF'S ALLEGATIONS DO NOT SUPPORT THE EXERCISE OF PERSONAL JURISDICTION OVER BLOOMINGDALE'S.**

Plaintiff acknowledges that the only issue is whether this Court has *specific* jurisdiction over Bloomingdale's. *See* ECF No. 34 ("Opp.") at 4. Plaintiff must therefore plead facts establishing that (1) his claims "directly arise from or relate to" Bloomingdale's contacts with Massachusetts, and (2) any such suit-related contacts "represent a purposeful availment of the privilege of conducting activities in that state." *Motus, LLC v. CarData Consultants, Inc.*, 23 F.4th 115, 121–22 (1st Cir. 2022). Plaintiff's opposition fails to cite any allegations or relevant law

---

[1] Bloomingdale's submits this reply brief pursuant to the Court's December 8, 2022 order allowing the parties' joint motion to modify the briefing schedule. ECF No. 23.

refuting Bloomingdale's prior demonstration that neither due process requirement is satisfied in this case. *See* ECF No. 33 ("Mem.") at 3–8.[2]

### A. The Complaint Fails To Plead Facts Showing that Plaintiff's Claims "Directly Arise Out of or Relate to" Bloomingdale's Forum Contacts.

Plaintiff's opposition fails to identify any relevant allegations of "a connection between the forum and the specific claims at issue." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 582 U.S. 255, 264–65 (2017). His claims stem from Bloomingdale's alleged "procurement" of session replay software from a Georgia vendor (FullStory) and the "use of" that software on a nationally accessible website operated from New York, where Bloomingdale's principal place of business is located. Compl. ¶¶ 4, 6, 39–41. Plaintiff accepts these predicate facts. Opp. at 1. His claims thus relate to alleged conduct that took place in Georgia or New York, not Massachusetts. Mem. at 5.

It makes no difference that Bloomingdale's national website was "continually accessible" to Massachusetts residents, and "allowed" Plaintiff to "communicate with Bloomingdale's." Opp. at 6. The only jurisdictionally relevant contacts are those "that the *defendant* himself creates with the forum State," *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis added), not contacts initiated by a forum resident. Bloomingdale's alleged "procurement and use" of session replay software outside Massachusetts is the allegedly tortious conduct, Compl. ¶ 4, not the mere availability of Bloomingdale's national website in the state. That makes this case different from *Hasbro, Inc. v. Clue Computing, Inc.*, 994 F. Supp. 34 (D. Mass. 1997) (Opp. at 5), where the accessibility of the website in the forum "was *itself* allegedly causing tortious injury, by infringing on the plaintiff's trademark" present in the defendant's website address. *Badia v. Hamanasi*

---

[2] Because Plaintiff fails to satisfy the due process requirements, the Court need not separately address the opposition's arguments addressing the Massachusetts' long-arm statute (Opp. at 2–4). *See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 36 (1st Cir. 1998) (taking same approach in affirming dismissal for lack of personal jurisdiction).

*Adventure & Dive Resort*, 2017 WL 551817, at *4 n.9 (D. Mass. Feb. 10, 2017).  Indeed, courts have refused to extend *Hasbro* beyond the trademark context.  *See Chouinard v. Marigot Beach Club & Dive Resort*, 2021 WL 2256318, at *12 n.23 (D. Mass. June 3, 2021) (no relatedness based on "publication of a website," distinguishing *Hasbro* as a "trademark" case); *Badia*, 2017 WL 551817, at *4 n.9 (similar).

Plaintiff argues that Bloomingdale's website "allowed" Plaintiff to "purchase goods and services."  Opp. at 6.  Yet Plaintiff does not allege making a purchase on Bloomingdale's website.  Plaintiff's lawsuit is therefore no different than *Massie v. General Motors Co.*, which for similar reasons dismissed a website operator using session replay software for lack of personal jurisdiction.  2021 WL 2142728, at *5–6 (E.D. Cal. May 26, 2021).  As in *Massie*, Plaintiff's claims here have "nothing to do with" Bloomingdale's "sales."  *Id.* at *6 ("neither Plaintiff even made a purchase on GM's websites").  That Bloomingdale's earns revenues from purchases by other Massachusetts residents (Opp. at 5 n.3) is immaterial to specific jurisdiction over Plaintiff's own claims; the defendant in *Massie* also generated "profits . . . from California website visitors," which made no difference in that case.  *Massie*, 2021 WL 2142728, at *5.[3]

At bottom, Plaintiff contends that personal jurisdiction should attach because conduct outside of Massachusetts allegedly affected persons in Massachusetts.  *See* Opp. at 6.  But "in-state injury alone is not sufficient under the Due Process Clause to prove relatedness for tort claims."  *Vapotherm, Inc. v. Santiago*, 38 F.4th 252, 261 (1st Cir. 2022).  Plaintiff does not grapple with this settled rule.  Instead, he argues that "the forum contacts" in *Vapotherm* and the myriad

---

[3] After Bloomingdale's motion to dismiss was filed, another court applied *Massie*'s "thorough reasoning" to dismiss another website operator for lack of personal jurisdiction.  *Licea v. Caraway Home Inc.*, 2023 WL 1999496, at *1 (C.D. Cal. Feb. 9, 2023) (dismissing California wiretap claims against retail website operator).

cases applying this rule "were limited to plaintiff's injury occurring there." Opp. at 5 n.4.[4] That is precisely the circumstance here. Plaintiff does not identify any relevant forum contacts by Bloomingdale's. The only link to Massachusetts is Plaintiff's decision to visit Bloomingdale's national website from within this state; "[b]ut the plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285–86, 290–91.

Accordingly, Plaintiff has not pled specific personal jurisdiction over Bloomingdale's.

### B.  The Complaint Also Fails To Plead Facts Showing Purposeful Availment.

As a threshold matter, Plaintiff misstates the legal standard for purposeful availment in internet cases. He applies as "[o]ne test" the standard set forth in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997). Opp. at 7. As this Court reasoned, however, given the rise of commercial websites in the decades since *Zippo* was decided, "the analysis has changed . . . [t]o maintain the constitutional limits on personal jurisdiction in internet commerce cases." *Motus, LLC v. CarData Consultants Inc.*, 520 F. Supp. 3d 87, 91–92 (D. Mass. 2021) (Gorton, J.), *aff'd*, 23 F.4th 115 (1st Cir. 2022). Today, as Plaintiff acknowledges, "courts require 'something more' than a nationally accessible website" (Opp. at 6), "such as evidence of specific targeting of forum residents" rather than customers nationwide, *Motus*, 23 F.4th at 125.

Plaintiff fails to identify "something more." He makes no attempt to address Bloomingdale's argument that Plaintiff does not meet this standard based on his conclusory

---

[4] Plaintiff argues that the cases Bloomingdale's cited applying this settled rule (Mem. at 6) involved "defendants [that] lacked knowledge of the tortious conduct occurring in the forum." Opp. at 5 n.4. Not so. The relatedness element was not satisfied because the plaintiffs, like Plaintiff here, only alleged tortious conduct *outside* of the forum. *Vapotherm*, 38 F.4th at 261 (solicitation of employees in Florida and Georgia from company in New Hampshire); *Massachusetts Sch. of Law*, 142 F.3d at 36 (ABA's decision in New York to deny accreditation to law school in Massachusetts); *Rodriguez v. Samsung Elecs. Co.*, 827 F. Supp. 2d 47, 51 (D. Mass. 2011) ("allegedly tortious conduct . . . entirely in Korea"); *see Little Kids, Inc. v. 18th Ave. Toys, Ltd.*, 2020 WL 7264267, at *8 (D.R.I. Dec. 10, 2020) (no evidence defendant "actually sold an Infringing [Product] in [the forum]").

allegation of "marketing and selling" in Massachusetts (*see* Mem. at 8).  *See McMann v. Selene Fin. LP*, 332 F. Supp. 3d 481, 485 (D. Mass. 2018) (Gorton, J.) (plaintiffs' opposition "seems to concede" a dismissal argument that it "does not address").  Plaintiff instead argues that Bloomingdale's "knew of plaintiff's whereabouts . . . when it engaged in the tortious conduct." Opp. at 9.  The Complaint generally alleges that Bloomingdale's "knows" a visitor's location only if "a user . . . search[es] for nearby stores by providing [his] location."  Compl. ¶ 10.  However, Plaintiff himself does not allege that he used this website feature, so his argument fails.

In reality, Bloomingdale's alleged use of session replay software is no more "directed" at Massachusetts (Opp. at 8) than anywhere else.  The alleged harm—collection of website interaction data—"would have occurred no matter the state Plaintiff was in."  *Sacco v. Mouseflow, Inc.*, 2022 WL 4663361, at *5 (E.D. Cal. Sept. 30, 2022) (no purposeful direction).  Although Plaintiff argues that the defendant in *Sacco* "had no knowledge of the plaintiff's location" (Opp. at 5 n.6), the same is true here.  Since the allegations involve conduct outside of Massachusetts that is in no way targeted here, Plaintiff's claims belong in another jurisdiction, if anywhere.

## II.   PLAINTIFF FAILS TO STATE A CLAIM.

### A.   The Massachusetts Wiretap Act Claim Should Be Dismissed.

#### 1.   No Interception Occurred in Massachusetts.

Plaintiff misunderstands the Massachusetts Wiretap Act's territorial limitation.  He asserts that the Act should apply because he allegedly visited Bloomingdale's website "while he was physically located in Massachusetts."  Opp. at 10 (emphasis omitted).  However, it is not enough that Plaintiff's alleged communications originate in the state.  Plaintiff must plead facts demonstrating that his alleged communications were "received and recorded" in Massachusetts. *Commonwealth v. Maccini*, 2007 WL 1203560, at *2 (Mass. Super. Apr. 23, 2007) (no violation where internet communications originating in Massachusetts were received and recorded in Ohio).

Plaintiff cites no basis for his suggestion that this territorial limitation turns on the type of communication. *See* Opp. at 11 n.8.

Plaintiff's attempt to distinguish *Marquis v. Google, Inc.*, 2015 WL 13037257 (Mass. Super. Feb. 13, 2015) illustrates why the Act's territorial limitation bars Plaintiff's wiretapping claim. According to Plaintiff, *Marquis* held that the Act did not apply in a case "where website communications were recorded *outside* of Massachusetts onto the third-party's server." Opp. at 11. But that is precisely what Plaintiff alleges here. He contends that the software instructed his browser to "send[] . . . data to a designated third-party server," which is "[t]ypically" the server of the "entity that wrote the Session Replay Code." Compl. ¶ 25; *see* Opp. at 10 (quoting Compl. ¶ 25). The only such entity identified in the Complaint is FullStory, which is located in Georgia, not Massachusetts. Mem. at 10. Accordingly, the Wiretap Act claim should be dismissed.

### 2. No Interception Occurred As a Matter of Law.

#### a) The Alleged Collection Was Not Done "Secretly."

Plaintiff fails to refute Bloomingdale's demonstration that any alleged data collection was not done "secretly." Mem. at 11–12. Plaintiff's subjective belief that he "did not consent to, authorize, or know about" Bloomingdale's alleged data collection (Opp. at 11) is irrelevant. Courts look to "objective factors" to "avoid the problems involved in speculating as to [a person's] subjective state of mind." *Commonwealth v. Jackson*, 349 N.E.2d 337, 340–41 (Mass. 1976).

Here, the objective factors confirm that Bloomingdale's alleged data collection was not done secretly. Plaintiff argues that the relevant conduct is the alleged collection of "Plaintiff's activities and actions on Bloomingdale's website." Opp. at 13. Bloomingdale's privacy policy, meanwhile, disclosed that Bloomingdale's "collects . . . [i]nternet or other [n]etwork [a]ctivity [i]nformation . . . when you visit our websites," including "information regarding your interactions with our Platforms." ECF 33-2 at 4; ECF 33-3 at 2; ECF 33-4 at 2. Plaintiff points to a provision

stating that "not all entities" to which the policy applies "participate" in this alleged collection. Opp. at 13. But the fact that a privacy policy states "what companies 'may' do," as opposed to will do, "does not make it such that the policy gives insufficient notice of the alleged conduct." *Silver v. Stripe Inc.*, 2021 WL 3191752, at *4 (N.D. Cal. July 28, 2021) (collecting cases).[5] Any reasonable internet user also understands that communications over the internet are received in a recorded format (Mem. at 12), an argument Plaintiff fails to address.

Plaintiff's remaining arguments also lack merit. First, Plaintiff cites to an earlier decision in *Marquis v. Google*, but the plaintiff in that case, as a non-Gmail user, "would not be privy to or have notice of" a privacy policy "for Gmail users" at issue. 2012 WL 12929513, at *3. Here, Plaintiff cannot dispute, as a visitor to Bloomingdale's website, that he was privy to its privacy policy on the website. Second, Plaintiff's argument that the Court cannot consider the privacy policy on Bloomingdale's website (Opp. at 12) is incorrect (*see* Mem. at 11 n.10), and Plaintiff elsewhere concedes that the Court "may take judicial notice" of information on Bloomingdale's "public website." Opp. at 8 n.7.

### b) No "Contents" of a "Communication" Were Collected.

The opposition ignores Bloomingdale's argument for why Plaintiff's alleged activity on Bloomingdale's website is not a "communication." Mem. at 12–13. Plaintiff instead argues that Massachusetts courts have held that "non-communicative communications . . . does [sic] not constitute an 'oral communication,'" but have not extended this holding to wire communications. *See* Opp. at 13–14. This argument hinges on a distinction without a difference: an interaction that is "non-communicative" is, by definition, not a "communication," regardless of whether the

---

[5] Plaintiff's argument that the privacy policy is "unenforceable browsewrap" (Opp. at 12 n.9) misses the mark, because Bloomingdale's notice defense to alleged secrecy does not depend on contractual enforceability, so that issue need not be addressed by the Court.

interaction is characterized as an oral or wire communication. Plaintiff offers no basis for a different conclusion. Because Plaintiff fails to plead that his website interactions with Bloomingdale's are "communications," his claim must be dismissed.

Plaintiff similarly fails to rebut Bloomingdale's argument that there was no collection of the "contents" of any communication. Plaintiff does not dispute that he must satisfy the basic requirement to plead "*what* information was allegedly intercepted." *Goldstein v. Costco Wholesale Corp.*, 559 F. Supp. 3d 1318, 1322 (S.D. Fla. 2021). But the Complaint fails to do so. Although Plaintiff asks this Court to infer that "Plaintiff's 'search' included entering keystrokes into Bloomingdale's website" (Opp. at 16), the Complaint contains no factual allegation that Plaintiff searched for anything. This is different from *Rich v. Rich*, where a trial court found the defendant *actually* "recorded" the plaintiff's "emails and instant messages." 2011 WL 3672059, at *5–6 (Mass. Super. July 8, 2011). Plaintiff's lawsuit is instead like *Goldstein*, where a court found that the same type of website interactions are not "contents." 559 F. Supp. 3d at 1322; Mem. at 14. That *Goldstein* had an alternative holding (Opp. at 14) as well is not a basis for distinguishing this holding as to "contents."

### c) Software Code Is Not an "Intercepting Device."

Software ("Session Replay") code is not an "intercepting device" within the meaning of the Massachusetts Wiretap Act. *See* Mem. at 14–15. Plaintiff acknowledges that the Act defines the term "device" to mean "any device or apparatus." Opp. at 17 (emphasis omitted). There is also no dispute that "device or apparatus" must be interpreted according to their "usual and accepted meanings." *Curtatone v. Barstool Sports, Inc.*, 169 N.E.3d 480, 483–84 (Mass. 2021). According to dictionary definitions, the usual and accepted meaning of those terms connotes tangible equipment, *not* intangible code. *See* Mem. at 14–15. Plaintiff cites no contrary dictionary authority.

Unable to refute that the plain meaning of a "device or apparatus" excludes software code, Plaintiff asserts that only one case supports Bloomingdale's position and that other courts interpreting the federal Wiretap Act have "entertained the notion" that software "may" be considered a device. Opp. at 17.[6] But these arguments ignore the multiple cases cited by Bloomingdale's actually holding that software—including session replay software at issue—is *not* a device. *See* Mem. at 15 (collecting cases). Nor do any of the cases that Plaintiff cites (Opp. at 17–18) analyze the usual and accepted meaning of the terms "device or apparatus."

### B. The Invasion of Privacy Claim Should Be Dismissed.

Plaintiff confirms that the invasion of privacy claim is brought solely under an intrusion-upon-seclusion theory. Opp. at 1 (arguing "an intrusion upon the plaintiff's solitude"). Plaintiff's opposition fails to salvage that claim.

*First*, any collection of Plaintiff's interactions on Bloomingdale's website "is simply not the type of highly offensive act to which liability can attach." *Popa v. Harriet Carter Gifts, Inc.*, 426 F. Supp. 3d 108, 122 (W.D. Pa. 2019) (dismissing similar intrusion claim). Plaintiff asserts that "[t]he act of concealing oneself" to obtain his data is a highly offensive act. Opp. at 19. But his pleading does not allege that Bloomingdale's concealed itself; to the contrary, Plaintiff contends he was communicating with Bloomingdale's website. Massachusetts courts require far more intrusive conduct. *Axford v. TGM Andover Park, LLC*, 2021 WL 681953, at *13 (D. Mass. Feb. 22, 2021) (actionable invasions typically involve "physical invasions," "harassment," or

---

[6] In *Rich v. Rich*, the court's observation that keylogger software could be a device "when surreptitiously installed on a computer" was dicta. *See* 2011 WL 3672059, at *6 (entering judgment in favor of defendant on statute of limitations and immunity grounds). In any event, the Complaint does not allege that Bloomingdale's installed software on Plaintiff's computer.

"bodily intrusions"); *Polay v. McMahon,* 10 N.E.3d 1122, 1127 (Mass. 2014) (defendant directed cameras at neighbor's home to "see through their windows into the interior").[7]

*Second*, Bloomingdale's alleged data collection was not an unreasonable, substantial or serious intrusion, as required to state a claim. Plaintiff fails to address, and thus concedes, Bloomingdale's argument that the use of session replay software is not "unreasonable" because it serves legitimate purposes, including to improve the online user experience. Mem. at 16–17; *see McMann*, 332 F. Supp. 3d at 485. Because Plaintiff's opposition fails to identify any factual allegations specifying what information about Plaintiff was actually collected (*supra* at p. 8), the Complaint fails to plead a "substantial or serious" intrusion. Mem. at 17. That leaves Plaintiff's contention that this element cannot be resolved on a motion to dismiss. Opp. at 18 n.11. Not so. Courts routinely dismiss invasion-of-privacy claims for failure to plead this element. *See, e.g., Branyan v. Sw. Airlines Co.*, 105 F. Supp. 3d 120, 126 (D. Mass. 2015) (Gorton, J.) (dismissing claim for failure to plead "an unreasonable, substantial or serious interference"); *Debarros v. Fam. Prac. Grp., P.C.*, 2020 WL 13659464, at *2 (D. Mass. Jan. 22, 2020) (same).

## CONCLUSION

For the foregoing reasons, this Court should dismiss the Complaint with prejudice.

---

[7] Plaintiff's cited cases are inapposite because they involved affirmative misrepresentations or coercive and intimidating conduct not alleged here. *See* Opp. at 18–20 (citing *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 603 (9th Cir. 2020) (defendant collected data through cookies despite affirmative promises to the contrary); *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 295 (3d Cir. 2016) (defendant collected data contrary to "message to parents about not collecting children's personal information"); *McLaughlin v. Meehan*, 2018 WL 1041371, at *8, *10 (Mass. Super. Jan. 19, 2018) (defendant obtained computer files "by coercing [plaintiff] to sign[] a consent form to search his computer"); *Wolfson v. Lewis*, 924 F. Supp. 1413, 1432–34 (E.D. Pa. 1996) (defendant "aimed" video and sound equipment "directly at the home" to "intimidate and frighten" plaintiffs); *see United States v. Moore-Bush*, 36 F.4th 320, 337 n.16 (1st Cir. 2022) (Barron, C.J., concurring) (observing that the alleged conduct in *Wolfson* "can be tortious")).

Dated:  March 28, 2023                    Respectfully Submitted:

/s/ *Eric Bosset*
Eric Bosset (*pro hac vice*)
ebosset@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 778-5906

George W. Vien (BBO #547411)
gwv@dcglaw.com
DONNELLY, CONROY, & GELHAAR, LLP
260 Franklin Street, Suite 1600
Boston, MA 02110
Telephone: (617) 720-2880

Emily Johnson Henn (*pro hac vice*)
ehenn@cov.com
Matthew Q. Verdin (*pro hac vice*)
mverdin@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

*Attorneys for Defendant*
*Bloomingdales.com, LLC*

## CERTIFICATE OF SERVICE

  I hereby certify that on March 28, 2023, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), pursuant to Local Rule 5.4(c).

               /s/ *Eric Bosset*
               ERIC BOSSET