UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCOTT ROSENTHAL, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br>vs.<br><br>BLOOMINGDALE'S, INC.,<br><br>      Defendant. | Case No. 1:22-cv-11944-NMG |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Bloomingdales.com, LLC ("Bloomingdale's") submits this brief response to Plaintiff's Notice of Supplemental Authority, which included an order denying a motion to dismiss in *Alves v. BJ's Wholesale Club, Inc.*, Case No. 22-2509-BLS1 (Mass. Sup. Ct. June 21, 2023). *See* ECF Nos. 36 & 36-1.

The trial court's order in *Alves* did not address the majority of arguments presented in Bloomingdale's motion to dismiss. *See* ECF Nos. 32, 33 & 35. The defendant in *Alves* did not raise personal jurisdiction, so *Alves* has no bearing on that threshold issue. *See* ECF No. 33 at 3–8. Further, while *Alves* did minimally address certain arguments relating to the Massachusetts Wiretap Act ("Act") claim, which Bloomingdale's respectfully submits *Alves* wrongly decided for reasons set forth in its papers, *Alves* did not address Bloomingdale's other arguments for Rule 12(b)(6) dismissal, including that the Act does not apply to alleged interceptions occurring outside of Massachusetts, *see id.* at 9–10, that Act claims require plausible allegations that data was collected "secretly," *see id.* at 11–12, and that the Act is limited to exchanges that "'capture or reveal the defendant's thoughts or knowledge about some fact,'" *id.* at 13 (quoting *Commonwealth*

*v. Gordon*, 666 N.E.2d 122, 134 (Mass. 1996)). Nor did *Alves* address at all the plain and usual meaning of the term "device," which is an independent element for stating a claim. *Id.* at 14–15.

Moreover, *Alves* did not closely analyze the arguments presented by Bloomingdale's for dismissing Plaintiff's invasion of privacy claim. Indeed, the *Alves* court was "skeptical that these allegations are sufficient to state a claim for invasion of privacy," but nonetheless allowed the claim, reasoning that doing so would not "change the overall scope of the case." ECF No. 36-1 at 13, 15. Such reasoning, however, is incompatible with the federal pleading standard applicable in this matter as articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Dated:  June 29, 2023                                 Respectfully Submitted:


/s/ *Jeffrey Huberman*
Eric Bosset (*pro hac vice*)
ebosset@cov.com
Jeffrey Huberman (BBO #696437)
jhuberman@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 778-5906

George W. Vien (BBO #547411)
gwv@dcglaw.com
DONNELLY, CONROY, & GELHAAR, LLP
260 Franklin Street, Suite 1600
Boston, MA 02110
Telephone: (617) 720-2880

Emily Johnson Henn (*pro hac vice*)
ehenn@cov.com
Matthew Q. Verdin (*pro hac vice*)
mverdin@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real

5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

*Attorneys for Defendant*
*Bloomingdales.com, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2023, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), pursuant to Local Rule 5.4(c).

*/s/ Jeffrey Huberman*
Jeffrey Huberman