UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCOTT ROSENTHAL, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BLOOMINGDALES'S INC., <br><br> Defendant. | ) <br> ) <br> ) Case No. 1:22-cv-11944-NMG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S NOTICES OF SUPPLEMENTAL AUTHORITY**

Plaintiff Scott Rosenthal ("Plaintiff") respectfully submits this Response to Defendant Bloomingdales.com, LLC's ("Bloomingdale's") July 20, 2023 and July 25, 2023 Notices of Supplemental Authority in support of Bloomingdale's pending Motion to Dismiss. *See* ECF Nos. 32, 33, 35, 39, & 40.

Bloomingdale's contends that *Mikulsky v. Noom, Incorporated*, No. 3:23-cv-00285-H-MSB, 2023 WL 4567096 (S.D. Cal. July 17, 2023) (ECF No. 39-1), and *Alves v. Goodyear Tire and Rubber Company*, No. 22-11820-WGY (D. Mass. July 24, 2023) (ECF No. 40-1), support its claim that the Court lacks personal jurisdiction over Plaintiff's claims. Neither decision is dispositive here.

Bloomingdale's reliance on the decision in *Mikulsky*—a non-precedential California case implicating personal jurisdiction as it relates to a violation of California privacy laws[1]—to argue lack of personal jurisdiction is misplaced. Unlike the plaintiff in *Mikulsky*, Plaintiff here *has*

---

[1] CIPA is not the same as the Massachusetts' Wiretap Act. *Compare* CAL. PENAL CODE § 630 *et seq. with* MASS. GEN. LAWS ch. 272, § 99(A); *see* Opp., at 10, 14–15 (discussing differences).

sufficiently alleged "a[] connection between [Bloomingdale's] forum related contacts and the harm [Plaintiff] suffered" because the collection of real-time data without consent from Massachusetts consumers is both the cause of the tortious injury and the tortious injury itself (*i.e.*, the invasion of privacy and the violation of the Massachusetts Wiretap Act). *Contra id.* at *8; Complaint ("CAC") (ECF No. 1), ¶¶ 1, 18, 24, 80–83; Plaintiff's Opposition to Bloomington's Mot. to Dismiss ("Opp.") (ECF No. 34), at 5–10, 15–16, 19. As alleged, Bloomingdale's contacts with Massachusetts venture beyond just its interactive website, *i.e.*, bloomingdales.com, through which Bloomingdale's solicits actual, direct sales from Massachusetts residents, and offers residents in-store pick-up at stores in Massachusetts. CAC, ¶¶ 8–10; Opp., at 5 n.3, 8 n.7. Bloomingdale's specifically targeted Massachusetts residents by specifically choosing to configure its Session Replay Code not to leverage location-based restrictions that would prevent its use where user consent was required, such as in Massachusetts. Bloomingdale's chose to proactively deploy its session replay technology on each Massachusetts website visitor's internet browser regardless of whether they consented to such tracking. CAC, ¶¶ 1, 10, 45; Opp., at 10. By doing so, Bloomingdale's targeted Massachusetts residents like Plaintiff and collected Plaintiff's data in real-time, non-stop for the duration of his visit for Bloomingdale's own monetary benefit. CAC, ¶¶ 1, 13–16, 46–47, 51–54, 80–83, 93–98.

*Alves* is also distinguishable.[2] Unlike in *Alves*, the intentional contact between Bloomingdale's and Massachusetts that "arises out of or relates to" the claims at issue is more than the mere accessibility of Bloomingdale's website by Massachusetts residents. *See Alves*, No. 22-

---

[2] Of note, the *Alves* Court granted Plaintiff leave to file a motion to amend the complaint. *Alves*, No. 22-11820-WGY, at *18. To the extent this Court finds the *Mikulsky* and *Alves* decisions persuasive, Plaintiff reiterates its request to amend his Complaint, as set forth in his Opposition. ECF 34, at 20 n. 12.

11820-WGY, at *14 ("the *only* intentional contact . . . is the accessibility of goodyear.com from Massachusetts" (emphasis added)). Here, the intentional contact between Bloomingdale's and Massachusetts occurred when Bloomingdale's specifically deployed session replay code to surreptitiously record Massachusetts website visitors' communications in violation of Massachusetts privacy laws, thereby simultaneously causing injury to Plaintiff (*i.e.*, Bloomingdale's collected or extracted data from Massachusetts consumers via its website, and specifically its use of session replay technology). CAC, ¶¶ 1, 9–10, 18, 24, 46–47, 51–52, 80–83, 93–98; Opp., at 5–11, 15–16, 19.

Bloomingdale's created intentional contacts with Massachusetts—beyond mere accessibility of its website—which submit it to the jurisdiction of the forum and warrant this Court's exercise of personal jurisdiction consistent with Massachusetts's Long-Arm Statute, *see* Opp. at 3–4 (and Constitutional Due Process, *see id.* 34 at 4–9; *see also Hasbro Inc. v. Clue Computing Inc.*, 994 F. Supp. 34, 39 (D. Mass. 1997).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: August 3, 2023 | */s/ Brian C. Gudmundson* |

Brian C. Gudmundson (Admitted *pro hac vice*)
Michael J. Laird (Admitted *pro hac vice*)
Rachel K. Tack (Admitted *pro hac vice*)
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
brian.gudmundson@zimmreed.com
michael.laird@zimmreed.con
rachel.tack@zimmreed.com

Joseph P. Guglielmo (BBO #671410)
Carey Alexander
Ethan S. Binder
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building

230 Park Avenue, 17th Fl.
New York, NY 10169
Telephone: (212) 223-6444
jguglielmo@scott-scott.com
calexander@scott-scott.com
ebinder@scott-scott.com

*Counsel for Plaintiff*

4

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 3, 2023.

*/s/ Brian C. Gudmundson*
Brian C. Gudmundson
