## United States District Court
### District of Massachusetts

```
_____
                                )
Scott Rosenthal, individually   )
and on behalf of all others     )
similarly situated,             )
                                )
          Plaintiff,            )        Civil Action No.
                                )        22-11944-NMG
          v.                    )
                                )
Bloomingdale's, Inc.,           )
                                )
          Defendant.            )
_____)
```

### MEMORANDUM & ORDER

GORTON, J.

This putative class action arises from alleged violations
of the Massachusetts Wiretap Statute, M.G.L. ch. 272, § 99 and
Massachusetts privacy law, M.G.L. ch. 214, § 1.  The named
plaintiff, Scott Rosenthal ("plaintiff" or "Rosenthal"), seeks
for himself and on behalf of persons similarly situated,
judicial relief from Bloomingdales.com, LLC ("defendant" or
"Bloomingdale's").  Plaintiff alleges that Bloomingdale's
unlawfully wiretapped the personal and private electronic
communications of visitors to its website,
www.bloomingdales.com, without their consent.

Plaintiff brings claims for damages as a result of the
alleged violations of his privacy.  Pending before the Court is

defendant's motion to dismiss for lack of personal jurisdiction
and failure to state a claim.  For the reasons that follow, that
motion to dismiss will be allowed without prejudice.

## I.   <u>Background</u>

### A.   The Parties

Plaintiff Rosenthal resides in Barnstable County,
Massachusetts.  Defendant Bloomingdales.com, LLC is an Ohio
limited liability company with its principal place of business
in New York.[1]  The sole member of Bloomingdales.com, LLC is
Bloomingdale's, LLC, of which the sole member is Macy's Retail
Holdings, LLC.  The sole member of that LLC is Macy's, Inc., a
Delaware corporation with its principal place of business in New
York.

### B.   Factual Background

As alleged in the complaint, Bloomingdale's commissions
third-party vendors to embed snippets of JavaScript computer
code ("Session Replay Code") on Bloomingdale's website, which
then deploys on each website visitor's internet browser for the
purpose of intercepting and recording that visitor's electronic
communications with the Bloomingdale's website.  Those third-

---

[1] Defendant states that plaintiff improperly named
Bloomingdale's, Inc. as a defendant but because that entity no
longer exists, it assumes, for the purposes of this motion, that
the proper defendant Bloomingdales.com, LLC has been named.

party vendors (collectively, "Session Replay Providers") create and deploy the Session Replay Code at Bloomingdale's request. Plaintiff names one vendor, FullStory, as an example of Bloomingdale's Session Replay Providers.

Bloomingdale's and the Session Replay Providers then use those recorded Website Communications to recreate the website visitors' entire visit to www.bloomingdales.com.  The Session Replay Providers create a video replay of the user's behavior on the website and provide it to Bloomingdale's for analysis.

In essence, plaintiff contends that Bloomingdale's is "looking over the shoulder" of each website visitor for the entire duration of their website interaction.  Plaintiff alleges that while in Massachusetts, he visited www.bloomingdales.com on his computer or cellphone approximately once or twice a month and during those visits, Bloomingdale's unlawfully recorded and collected his Website Communications and sent them to Session Replay Providers.

### C.   **Procedural History**

In November, 2022, Rosenthal filed a two-count complaint in this Court against defendant Bloomingdale's contending that its alleged collection and use of information about his activity on its website constituted unlawful wiretapping and an invasion of

privacy in violation of M.G.L. ch. 272, § 99 and M.G.L. ch. 214, § 1.  Bloomingdale's moved to dismiss in February, 2023.

## II.  Motion to Dismiss

### A.  Legal Standard

Plaintiff bears the burden of showing that the Court has authority to exercise jurisdiction over Bloomingdale's. Cossart v. United Excel Corp., 804 F.3d 13, 18 (1st Cir. 2015).  Where, as here, the Court decides a motion to dismiss for lack of personal jurisdiction without first holding an evidentiary hearing, the Court takes plaintiff's

> properly documented evidentiary proffers as true and
> construe[s] them in the light most favorable to
> [plaintiff's] jurisdictional claim.

A Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 58 (1st Cir. 2016).  A plaintiff cannot, however, rely on

> unsupported allegations [and] must put forward
> evidence of specific facts to demonstrate that
> jurisdiction exists.

Id. (quotations and citations omitted).

In a diversity suit such as this one, this Court acts as "the functional equivalent of a state court sitting in the forum state." Astro-Med, Inc. v. Nihon Kohden America, Inc., 591 F.3d 1, 8 (1st Cir. 2009).  As such, plaintiff must demonstrate that the exercise of personal jurisdiction coheres with the Due Process Clause of the Fourteenth Amendment by showing that

defendant has "minimum contacts" with the Commonwealth and is permitted by the Massachusetts long-arm statute, M.G.L. c. 223A § 3. <u>Daynard</u> v. <u>Ness, Motley, Loadholt, Richardson & Poole, P.A.</u>, 290 F.3d 42, 52 (1st Cir. 2002).

This Court's jurisdiction may be either "specific" or "general." <u>United States</u> v. <u>Swiss Am. Bank</u>, 274 F.3d 610, 618 (1st Cir. 2001). Specific jurisdiction requires a "demonstrable nexus" between the claims of the plaintiff and the defendant's contacts in the forum state. <u>Id.</u> Those contacts must demonstrate that defendant "purposeful[ly] avail[ed] [itself] of the privilege of conducting activities in the forum state." <u>Noonan</u> v. <u>Winston Co.</u>, 135 F.3d 85, 90 (1st Cir. 1998).

### B.   Application

Plaintiff does not contend that this Court has general jurisdiction over Bloomingdale's, thus it is only necessary to determine whether specific personal jurisdiction pertains. To support the Court's exercise of such jurisdiction, plaintiff must make an "affirmative showing" that: 1) the litigation relates to or arises out of the defendant's contacts with the forum state, 2) defendant purposefully availed itself of the privilege of conducting business in the forum state and 3) jurisdiction over the defendant is reasonable under the circumstances. <u>Sawtelle</u> v. <u>Farrell</u>, 70 F.3d 1381, 1388-89 (1st

Cir. 1995); <u>Phillips Exeter Academy</u> v. <u>Howard Phillips Fund, Inc.</u>, 196 F.3d 284, 288 (1st Cir. 1999).

As an initial matter, defendant's conduct which forms the basis of plaintiff's claims occurred outside of Massachusetts. The sole vendor named in the complaint, FullStory, is based in Georgia.  FullStory then embeds its Session Replay Code on Bloomingdale's website.  That website, www.bloomingdales.com, is accessible nationwide and is operated from New York, Bloomingdale's principal place of business.  Rosenthal thus fails to articulate any "in-state conduct [that] gave birth to the cause of action." See <u>Lin</u> v. <u>TipRanks, Ltd.</u>, 19 F.4th 28, 36 (1st Cir. 2021).

The complaint states in a conclusionary fashion that personal jurisdiction exists because the claims "resulted from defendant's purposeful and tortious acts directed towards citizens of Massachusetts."  Bloomingdale's did not, however, initiate contact with the forum state, instead, a Massachusetts resident accessed www.bloomingdales.com while in the Commonwealth. <u>See</u> <u>Walden</u> v. <u>Fiore</u>, 571 U.S. 277, 277 (2014) (quoting <u>Burger King Corp.</u> v. <u>Rudzewicz</u>, 471 U.S. 462, 475 (1985)) ("For a state to exercise jurisdiction consistent with due process, that relationship must arise out of contacts that the 'defendant himself' creates with the forum . . . .").

This case is analogous to Alves v. Goodyear Tire & Rubber Co., No. CV 22-11820-WGY, 2023 WL 4706585 (D. Mass. July 24, 2023).  As in the case at bar, Alves brought a two-count, putative class action against Goodyear, alleging that its use of Session Replay Code embedded in www.goodyear.com violated the Massachusetts Wiretap Statute and constituted an invasion of privacy under Massachusetts tort law.  United States District Judge William G. Young dismissed the case holding that because Goodyear (and its vendor's) use of Session Replay Code technology occurred outside Massachusetts, the present dispute did not "arise out of or relate to Massachusetts."

Rosenthal attempts to distinguish Alves, arguing that the intentional contact between Bloomingdale's and Massachusetts is more than the accessibility of its website by Massachusetts residents and that contact

> occurred when Bloomingdale's specifically deployed
> session replay code to surreptitiously record
> Massachusetts website visitors' communications.

The Court is unpersuaded by such a "threadbare allegation." See Alves, No. CV 22-11820-WGY, 2023 WL 4706585, at *6.  As in Alves, Rosenthal

> offers no evidence to show that the website is
> especially tailored for Massachusetts consumers or
> that [Bloomingdale's] made special efforts to market
> its website in the Commonwealth.

Id.  Because the complaint fails to identify a "demonstrable nexus" between the plaintiff's claims and Bloomingdale's contacts with Massachusetts, see Swiss Am. Bank, 274 F.3d at 618, this Court does not have specific personal jurisdiction over Bloomingdale's.  The complaint will be dismissed.

Plaintiff requested leave to amend his complaint in the event of dismissal, emphasizing that the plaintiff in Alves was granted such relief.  Rosenthal will be permitted to file an amended complaint within 30 days of the date of this decision.

**ORDER**

For the foregoing reasons, defendant Bloomingdale's motion to dismiss (Docket No. 32) is **ALLOWED without prejudice.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge


Dated: August 11, 2023

- 8 -